*609 SUMMARY ORDER
Plaintiff Deiulemar Shipping SPA appeals from the district court’s January 20, 2009 judgment and order vacating the ex parte Process of Maritime Attachment and Garnishment that it obtained on December 29, 2008. We presume the parties’ familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.
The district court’s decision to vacate the Process of Maritime Attachment and Garnishment is reviewed for abuse of discretion, and its underlying factual findings are subject to dear-error review. See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd., 460 F.3d 434, 439 (2d Cir.2006). The legal standards governing whether a maritime defendant may be “found within the district” under Admiralty Rule B are not in dispute. See STX Panocean (UK) Co. v. Glory Wealth Shipping Pte Ltd., 560 F.3d 127, 130-31 (2d Cir.2009) (per curiam).
Applying these standards, the district court found that Defendant conducts its business in the Southern District of New York at a Manhattan office that is jointly maintained with its agent, that the employees who carry out Defendant’s business activities are directors and employees of Defendant’s agent, that these employees can all be found at the office, and that Defendant was amenable to service of process at the office through its agent and its employees. Those findings were supported by the recoi’d and are not clearly erroneous. Based on those factual predicates, the district court did not abuse its discretion in vacating the Process of Maritime Attachment and Garnishment pursuant to Admiralty Rule E(4)(f) and denying further discovery regarding the issue. The Court has reviewed Plaintiffs remaining arguments and finds them to be without merit. Accordingly, the judgment of the district court is hereby AFFIRMED.